IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLA M. BURDA | : |
| Plaintiff | : Civil Action No.: 2:09-cv-03530-LDD |
| v. | : |
| O'NEILL PROPERTIES GROUP, L.P. | : JURY TRIAL DEMANDED |
| Defendant | : |

### **AMENDED COMPLAINT**

Plaintiff, Alla M. Burda, by and through her undersigned counsel, the Law Offices of John A. Gallagher, P.C., files this Amended Complaint against defendant, O'Neill Properties Group, L.P., and in support thereof avers as follows:

**I.  THE PARTIES**

1.  Mrs. Burda is an adult individual residing at 808 Rosehill Dr., King of Prussia, 19406.

2.  O'Neill Properties Group, L.P. ("OPG") is upon information and belief a corporate business entity registered and licensed to do business in Pennsylvania with its registered office address at 2701 Renaissance Blvd, King of Prussia, PA 19406.

3.  Mrs. Burda began her employment OPG on May 21, 2007 and worked as an Analyst at the time of her termination, which was effective February 20, 2009.

**II.  JURISDICTION**

4.  The Court has jurisdiction over this matter by its authority to hear cases arising under the laws of the United States pursuant to 28 U.S.C. §1331, and the specific jurisdictional

provisions found within the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 *et seq.*, ("FMLA"), and specifically §2617(a)(2) therein.

### III.   VENUE

5.   Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C.S. §1391(b) because, *inter alia*, 1) defendant resides within the Eastern District of Pennsylvania, and 2) the claims arose in the Eastern District of Pennsylvania.

### IV.   BACKGROUND

#### A.   Defendant is an Employer Covered by the FMLA

6.   At all times during the relevant period, OPG employed in excess of 50 persons at the King of Prussia office, or within 75 miles thereof.

7.   Accordingly, OPG is a covered "employer" as that term is defined at §2611(4)(A)(i) of the FMLA.

#### B.   Mrs. Burda is an Employee Covered by the FMLA

8.   Mrs. Burda had been employed by OPG for more than 12 months and had worked in excess of 1,250 hours during the 12 months preceding her FMLA-covered leave(s).

9.   Accordingly, she is a covered "employee" as that term is defined at §2611(2) of FMLA.

10.   At all times relevant hereto, Mrs. Burda was eligible for FMLA leave, having not exhausted her rights thereto during the 12 months preceding her termination.

#### C.   Factual Background

11.   In 2008, Ms. Burda learned she was pregnant and advised OPG of that fact.

12.   On November 27, 2008, Mrs. Burda began FMLA leave necessitated by her pregnancy and impending childbirth.

2

13. Ms. Burda's anticipated return date was March 23, 2009, within her 12 week FMLA leave.

14. In a letter dated February 6, 2009 (received February 9, 2009), Ms. Burda was informed that she was being terminated, effective February 20, 2009.

15. That letter stated that Ms. Burda was being terminated because "this is a difficult time in our industry, and it has required us to make some hard decisions regarding the refocusing of our business activities..."

16. At least two employees who were not out on maternity leave and who possessed comparable skills, tenure, and positions were retained when Ms. Burda was terminated.

17. Ms. Burda filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 24, 2009, alleging sex discrimination in violation of federal law.

18. Per Ms. Burda's request, the EEOC issued a Right to Sue letter on Ms. Burda's charge on October 5, 2009.

## COUNT I
## PLAINTIFF V. O'NEILL PROPERTIES GROUP, L.P.
## <u>VIOLATION OF FMLA</u>

19. Plaintiff hereby incorporates all other paragraphs in this Complaint as though fully set forth at length herein.

20. Defendant violated the FMLA by interfering with her rights to FMLA leave by terminating her while she was on FMLA leave.

21. Defendant violated the FMLA by failing to reinstate Mrs. Burda to her former position upon the completion of her FMLA leave.

22. Defendant violated the FMLA by terminating Mrs. Burda in retaliation for exercising her rights under the FMLA.

23. As a result of the aforesaid conduct of defendant, Mrs. Burda suffered a loss of income and employment, and all of the benefits attendant thereto, which damages continue at present and which may continue to do so in the foreseeable future.

WHEREFORE, Plaintiff Alla M. Burda demands judgment in her favor and against defendant, O'Neill Properties Group, Inc., as follows:

    a.    Full job reinstatement;

    b.    all wages and benefits to which plaintiff is entitled pursuant to §2617(A) of FMLA;

    c.    pre and post-judgment interest thereon in accordance with §2617(A)(ii) of FMLA;

    d.    liquidated damages in accordance with §2617(A)(iii) of FMLA; and,

    e.    such other relief that the Court deems just and appropriate under the circumstances, including but not limited to attorneys fees and costs.

## COUNT II
## PLAINTIFF V. O'NEILL PROPERTIES GROUP, L.P.
## VIOLATION OF TITLE VII

24. Plaintiff hereby incorporates all other paragraphs in this Complaint as though fully set forth at length herein.

25. Defendant terminated Ms. Burda's employment effective February 20, 2009, while she was still out on maternity leave.

26. Ms. Burda was terminated while similarly situated employees who were not out on maternity leave were retained.

4

27. Ms. Burda's pregnancy and/or pregnancy necessitated leave was a motivating factor for defendants' adverse employment decision.

28. Defendants' discriminatory philosophies, practices, policies, and conduct violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, et seq., as amended.

29. As a result of defendants' discriminatory conduct, Ms. Burda has suffered great loss, including back pay and forward pay, loss of benefits, great emotional distress, as well as other damages that will be proved at trial in this matter.

30. Ms. Burda is also entitled to punitive damages.

WHEREFORE, Plaintiff Alla M. Burda demands judgment in her favor and against defendant, O'Neill Properties Group, L.P., as follows:

    a.    all wages and benefits to which Plaintiff is entitled, and any other consequential damages she sustained as a result of her loss of employment;

    b.    pre and post-judgment interest thereon;

    c.    punitive damages; and,

    d.    such other relief that the Court deems just and appropriate under the circumstances, including but not limited to attorneys fees and costs.

LAW OFFICES OF JOHN A. GALLAGHER, P.C.

BY: _____
Jennifer J. Hanlin, Esquire
Atty. I.D. No. 201542
Counsel for Plaintiff
71 W. Lancaster Ave, Suite 100
Paoli, PA 19301
(610) 647-5027
(610) 647-5024
jjh@johnagallagher.com